**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE VIRGILIO MARTINEZ MELENDEZ (A No. 094-365-938),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-05008-JLT-EGC<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Docs. 1, 2, 8) |

Jose Virgilio Martinez Melendez is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from El Salvador. (Doc. 11-1 at 1.) Petitioner applied for I-512L Advance Parole, which was granted by the Department of Homeland Security on March 25, 2013. (*See* Doc. 12 at 2, 10.) As such, Petitioner was paroled into the United States on July 19, 2014, with Temporary Protected Status (TPS). (*Id*. at 2, 5, 7.) According to Petitioner, he has remained under

a lawful status and has not executed an "unlawful entry" since his inspection and parole in 2013. (*Id*. at 2.) The I-213 further indicates that Petitioner has an approved I-131, which is an application to obtain certain travel or parole documents before leaving the United States.[1] (Doc. 11-1 at 3.) Additionally, the I-213 confirms that Petitioner had an approved I-821 Application for TPS, which expired on March 9, 2025, with a renewed I-821 TPS application pending. (*Id*.) Petitioner, however, through a declaration submitted by his daughter, indicates that Petitioner's TPS status remains valid until September 2026. (Doc. 1 at 22.) In any event, Petitioner was paroled into the United States upon entry in 2014. (*See* Doc. 1 at 21; Doc. 12 at 10.)

While living in the United States, Petitioner made a life for himself in Texas while supporting his family and daughter. (Doc. 1 at 22.) Petitioner has no criminal history and there is no indication in the record that he presents a flight risk or danger to the community. (*See id*. at 24–25; Doc. 11-1 at 3.) On May 29, 2026, local police stopped Petitioner for an alleged traffic violation, while conducting a coordinated immigration enforcement operation with ICE. (Doc. 11-1 at 2.) The I-213 contains no details regarding the suspected traffic violation. (*Id*.) In doing so, local police contacted ICE. (*Id*.) ICE subsequently detained the Petitioner after confirming he was not a citizen of the United States and had no valid documents to remain in the country. (*Id*.) On June 6, 2026, ICE transferred Petitioner to the Golden State Annex Detention Facility in McFarland, California, where he currently remains. (Doc. 1 at 1, 2.) Around that time, ICE issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See* Doc. 11-1 at 3.) Petitioner is not currently subject to a final order of removal.[2] (Doc. 1 at 7.)

On June 29, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 through a next of friend. (*See* Doc. 1 at 9; Doc. 14 at 1.) On July 29, 2026,

---

[1] *See* U.S. Citizenship & Immigr. Serv., *I-131 Application for Travel Documents, Parole Documents, and Arrival/Departure Records*, All Forms, https://www.uscis.gov/i-131 (last visited Aug. 27, 2026).

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's removal proceedings began on around June 17, 2026, that Petitioner is scheduled for an immigration hearing on September 18, 2026, and that the case is pending with no order of removal in place. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 27, 2026).

Respondents filed a response to the habeas petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b) but conceding that this case is in the category of cases where the Court has "typically ordered immediate release." (Doc. 11 at 1.) On August 6, 2026, Petitioner's next of friend filed a reply. (Doc. 12.) On August 14, 2026, Petitioner confirmed that the instant habeas petition was filed with his full knowledge and consent, that the contents were true and correct, and that he would appear pro se moving forward in prosecuting the habeas petition himself. (Doc. 14.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Petitioner claims that his ongoing detention violates his due process rights. (Doc. 1 at 6–8.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 11.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB,

2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Petitioner's motion to preserve jurisdiction and prevent petitioner's transfer (Doc. 2) and motion to expedite consideration of the habeas petition (Doc. 8) is **DENIED** as **MOOT**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

4. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: August 27, 2026

[signature] Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.